IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALBERT CHARLES BURGESS, JR., :
:
    Plaintiff, :
:
      v. : Civ. No. 17-128-RGA
:
EBAY CORPORATION, et al., :
:
    Defendants. :
:

Albert Charles Burgess, Jr., FCI Butner Low, Butner, North Carolina. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May , 2017
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Albert Charles Burgess, Jr., an inmate at FCI Butner Low (a low security federal correctional institution), in Butner, North Carolina, filed this action alleging violations of his constitutional rights. He claims jurisdiction by reason of diversity of citizenship. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4, 6). The Court proceeds to review and screen the Complaint (D.I. 2) and its addendum (D.I. 9) pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Burgess was arrested on March 6, 2008. (D.I. 9 at Ex. 3 p.2). In November 2009, he was convicted in the United States District Court for the Western District of North Carolina of two felonies involving the receipt and possession of materials depicting minors engaged in sexually explicit conduct. *See United States v. Burgess*, Crim. No. 1:09–00017–GCM–DLH–1 (W.D.N.C.) at D.I. 185. Burgess was sentenced to a prison term of 292 months, supervised release for life, and restitution. *Id.* On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence, but vacated the restitution order. *See United States v. Burgess*, 684 F.3d 445, 460 (4th Cir.), *cert. denied*, 133 S.Ct. 490 (2012). Burgess is currently incarcerated at the Butner Federal Correctional Complex in North Carolina.

The Complaint, filed on February 6, 2017, alleges that Burgess had accounts with Defendants eBay Corporation and PayPal Corporation beginning in 2003 until 2008. (D.I. 2 at 2). Burgess signed a user agreement with both Defendants. He closed his PayPal account in 2004 after he was "charged repeatedly with site memberships to child pornography web sites." (*Id.*). Burgess alleges that in July 2007, Defendants caused the closed account to be temporarily opened and "somehow, some

agent of the Defendants, created a sale by the Plaintiff to a web site that was illegal."
(*Id.*). When Burgess learned of the sale, it was canceled and the money paid was refunded. (*Id.*).

Burgess alleges that Defendants were partners with law enforcement (including federal agents), and that Defendants reported to law enforcement that Burgess had purchased the site. (*Id.* at 2, 5). Burgess alleges his arrest by law enforcement was based upon Defendants' false assertions and falsification of records. (*Id.* at 2). Burgess alleges that "at no time [did he engage] in buying illegal sites from [Defendants], yet their words were taken as FACT when in fact they were lies." (*Id.*).

Burgess alleges that the user agreements he entered into with Defendants did not "mention" they were "law enforcement partners," and he was not "advised that he had surrendered his Fourth Amendment right against unlawful seizures and searches by subscribing to Defendants' website/businesses." (*Id.* at 3). Burgess alleges that Defendants' failure to advise customers that Defendants worked as "undercover police officers" violates his right to due process. (*Id.* at 4-5).

Burgess alleges that Defendants are a criminal money laundering enterprise that is continuing in nature, but are protected from prosecution because of their work as law enforcement partners. (*Id.* at 3). Burgess alleges that at his criminal trial, Defendants' actions were concealed, but later, after the trial, their involvement became known, and that an immunity agreement which exists between Defendants and the United States Attorney will not be released via FOIA. (*Id.*). Burgess alleges that he is currently incarcerated because Defendants are able to illegally cover up their money laundering

activities in exchange for illegally targeting persons who cannot defend themselves. (*Id.* at 4).

Burgess alleges violations of his constitutional rights, violation of civil rights statutes, breach of contract, and that damages are continuing in nature as a result of the breach. He seeks compensatory and punitive damages. The addendum to the complaint states, "[t]his is NOT an attempt at challenging my conviction. This is a civil action to punish the players in deceiving the public and the Plaintiff." (D.I. 9 at 2).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless

legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

4

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

**Statute of Limitations**. The Complaint alleges that Defendants acted in concert with federal agents and, as such, operated under color of federal law. The Court liberally construes the allegations as seeking to state a *Bivens* claim. "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." *Banks v. Roberts*, 251 F. App'x 774, 775 (3d Cir. 2007). Where a litigant sues federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). To state a claim under *Bivens*, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women*, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 389 (4th Cir. 2014); *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *Carr v. Town of Dewey Beach*, 730 F. Supp. 591 (D. Del.1990). In *Bivens* actions, the Court "look[s] to the general, residual statute of limitations for personal injury actions" from the state where the federal court sits unless the state limitations period is inconsistent with the Constitution or federal law. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). The Court must also account for the state's tolling rules. *Id.*

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). W]hen the statute of limitations defense "is obvious from the face of the complaint and no development of the factual record is required" to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible. *Davis v. Gauby*, 408 F. App'x 524, 526-27 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

It is not clear from the Complaint where the alleged acts took place. However, the Complaint names two Defendants, both of whom are alleged to be Delaware corporations and to reside in Delaware. In Delaware, *Bivens* actions are subject to a two-year limitations period. *See* 10 Del. C. § 8119. The Complaint's addendum contains a portion of the transcript of Burgess' criminal trial, which took place in North

Carolina, which references Defendants. (D.I. 9 at Ex. 3). In North Carolina, *Bivens* claims are subject to a three-year statute of limitations. *See* N.C. Gen. Stat. § 1-52(5); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). A breach of contract claim under either Delaware or North Carolina law must be filed within three years of the date of the breach. *See* 10 Del. C. § 8106; N.C. Gen. Stat. § 1-52(1).

The Complaint and its addendum indicate that Burgess had accounts with Defendants from 2003 until 2008 and that he was arrested on March 6, 2008. The Court takes judicial notice that Burgess was tried and convicted in 2009, his conviction and sentence were affirmed on appeal in 2012 and, in 2012, the United States Supreme Court denied certiorari. The Court further notes that Burgess was aware of his claims against Defendants as early as 2011, because, as discussed below, he commenced civil litigation against Defendants in the United States District Courts of Massachusetts, the Middle District of North Carolina, and the Northern District of California. Yet, Burgess did not commence this action until 2017, and depending upon the State, this action was filed some two or three years after expiration of the limitation periods.

Burgess attempts to avoid the limitations periods by alleging that damages are "continuing in nature." (D.I. 2 at 5). Under a continuing violation theory, if Defendants engaged in a continual course of conduct and Plaintiff's action is timely as to any act in that course of conduct, Plaintiff may be permitted to litigate violations that are part of the course of conduct. *See Van Heest v. McNeilab, Inc.*, 624 F. Supp. 891, 896 (D. Del. 1985). A "continuing violation is occasioned by continual unlawful acts, not

continual ill effects from an original violation." *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam).

Here, the Complaint fails to assert any affirmative acts of Defendants beyond acts taken by them during Burgess' 2009 criminal trial. The actions taken by Defendants as alleged by Burgess are discrete and fixed in time. The only thing that appears to be continuing is Burgess' incarceration. Therefore, the continuing violation theory does not save his claims against Defendants.

The claims are time-barred. The instant Complaint was filed many years after the expiration of the limitations period. Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(i).

**Claim Preclusion.** In the alternative, the Court finds that the claims are barred by *res judicata*, also known as claim preclusion. This Court may dismiss, *sua sponte*, claims barred by claim preclusion. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. 2003). Claim preclusion bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002).

Public court records indicate that Burgess has commenced at least three civil actions against Defendants, all related to alleged acts taken by them relative to his criminal conviction, as follows: (1) *Burgess v. Ebay, Inc.*, Civ. No. 11-10334-RGS (D. Mass.), filed February 28, 2011, dismissed April 8, 2011 at D.I. 6 and 7,[1] as: (A) failing to comport with the pleading requirements of Rule 8, (B) barred by *Heck v. Humphrey*,

---

[1] Burgess appealed the dismissal, but the appeal was dismissed for his lack of prosecution. *See Burgess v. eBay, Inc.*, No. 12-1119 (1st Cir.), dismissed June 15, 2012.

(C) containing bald assertions and no underlying factual allegations or support for claims; (D) improperly filing an action as a "fishing expedition" to obtain evidence Burgess believes will exonerate him; and (E) containing purely legal conclusions; (2) *Burgess v. eBay, Inc.*, Civ. No. 11-193-CCE-LPA (M.D.N.C.), filed March 7, 2011, dismissed October 7, 2013 at D.I. 95,[2] after Burgess failed to amend following a finding that the Complaint (*see id.* at D.I. 76 and D.I. 86): (A) contained a number of claims barred under *Heck v. Humphrey*; (B) contained pleading deficiencies that included the failure to provide sufficient facts including lack of allegations as to place and time; (C) failed to state a claim; (D) indicated a lack of diversity jurisdiction; (E) was filed in an improper venue; and (F) improperly joined parties and claims; and (3) *Burgess v. eBay, Inc.*, Civ. No. 11-1898-SBA (N.D. Cal.), filed April 20, 2011, dismissed February 21, 2013, at D.I. 72,[3] pursuant to Fed. R. Civ. P. 41(b)[4] after Burgess failed to file a second amended complaint as ordered by court following the grant of motions to dismiss filed by several Defendants and dismissal of eBay and PayPal pursuant to Fed. R. Civ. P. 4(m), *see* D.I. 62.

"The doctrine of *res judicata* 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation.'" *Lewis v. Smith*, 361 F. App'x 421, 423 (3d Cir. 2010) (citations omitted). Three elements are required for the doctrine to take effect: (1) a

---

[2]Burgess did not appeal dismissal of the case.

[3]Burgess did not appeal dismissal of the case.

[4]Except for dismissal for lack of jurisdiction, improper venue, or failure to join a party, a dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). *Res judicata* "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted).

The elements are met. First, the Massachusetts and North Carolina cases were dismissed for several reasons, including the failure to state claim upon which relief may be granted. Dismissal for failure to state a claim is a final judgment on the merits for *res judicata* purposes. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 898 n.6 (3d Cir. 1987). The California case was dismissed under Rule 41(b) which also operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Second, Burgess was a plaintiff in all three cases and eBay and PayPal were defendants in all three cases. Finally, this action is based upon the same cause of action as in the three cases filed by Burgess in 2011.

The conditions for claim preclusion are satisfied and, hence, Burgess' claims are barred. Therefore, the Court will dismiss the Complaint.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i). Amendment is futile.

An appropriate order will be entered.